IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 07-50587 |
| CARVIN TESSIE HINES, | ) | |
| | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION GRANTING EXTENSION OF TIME
FOR TRUSTEE TO FILE OBJECTION TO EXEMPTIONS**

This matter came before the Court for hearing on April 30, 2008, upon the Trustee's Motion to Extend Time to Object to Debtor Exemptions (the "Motion"), filed by Bruce Magers, the standing Chapter 7 trustee (the "Trustee"), on March 20, 2008, and the Objection to the Motion (the "Objection"), filed by the above-referenced debtor (the "Debtor") on March 28, 2008. The Court continued the hearing until June 11, 2008 to allow additional time for the parties to file briefs. At the continued hearing on June 11, 2008, Bruce Magers appeared in his capacity as Trustee, Daniel C. Bruton appeared on behalf of the Trustee, Aleta B. Kiser appeared on behalf of the Debtor, and Robert E. Price, Jr. appeared on behalf of the United States Bankruptcy Administrator. All parties filed briefs with the Court. After consideration of the Motion, the Objection, the briefs, the arguments by the parties, and the relevant case law, the Court will overrule the Objection and grant the Trustee an extension of time within which to file an objection to the Debtor's exemptions.

**I. JURISDICTION**

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28

U.S.C. §§ 151, 157 and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B), which this Court has the jurisdiction to hear and determine.

## II.  FACTS

The facts are not disputed. On April 17, 2007, the Debtor filed a petition seeking relief under Chapter 13, which included a list of property exemptions claimed pursuant to Local Form 91C. On May 25, 2007, the Debtor's first meeting of creditors was held. On June 24, 2007, the deadline to object to exemptions ended, and neither the Chapter 13 trustee nor any creditor objected to the Debtor's exemptions. On July 20, 2007, the Debtor's Chapter 13 plan was confirmed.

On February 5, 2008, the Debtor filed a notice to convert her case to a case under Chapter 7 of the Bankruptcy Code, and Bruce Magers was designated the Chapter 7 trustee. The Debtor did not amend her exemptions. On February 29, 2008, the second meeting of creditors was held. On March 20, 2008, the Trustee filed the Motion, seeking an extension of 90 days to object to the Debtor's exemptions. The Debtor filed the Objection, arguing that the Trustee does not have the right to object to the Debtor's exemptions.

## II.  DISCUSSION

The issue to be decided is whether the conversion of a case from Chapter 13 to Chapter 7 creates a new 30-day period within which a party in interest may object to the debtor's exemptions. There is a distinct split of authority on this issue. One line of cases holds that when a debtor converts her case from a Chapter 13 to Chapter 7, a new period applies for post-

2

conversion objections to exemptions.  See In re Alexander, 236 F.3d 431, 433 (8th Cir. 2001); In re Campbell, 313 B.R. 313, 319 (B.A.P. 10th Cir. 2004); In re Wiggins, 341 B.R. 501, 505 (M.D. Pa. 2006); In re Weissman, 173 B.R. 235, 237 (M.D. Fla. 1994); In re Kositphasaj, No. 02-24681, slip op. at 3 (Bankr. D. Md. March 31, 2006) (2006 WL 4854386) (Chapter 7 converted to Chapter 13); In re Koss, 319 B.R. 317, 321 (Bankr. D. Mass. 2005); In re Hopkins, 317 B.R. 726, 731 (Bankr. E.D. Mich. 2004); In re Mims, 249 B.R. 378, 383 (Bankr. D.N.J. 2000) (Chapter 7 converted to Chapter 13 and then converted back to Chapter  7); In re Jenkins, 162 B.R. 579, 581 (Bankr. M.D. Fla. 1993). Another line of cases holds that there is no new time period for objection.  See In re Fonke, 321 B.R. 199, 208-209 (Bankr. S.D. Tex. 2005); In re Rogers, 278 B.R. 201, 204 (Bankr. D. Nev. 2002); In re Beshirs, 236 B.R. 42, 46 (Bank. D. Kan. 1999); In re Page, 240 B.R. 548, 552 (Bankr. W.D. Mich. 1999); In re Ferretti, 230 B.R. 883, 890 (Bankr. S.D. Fla. 1999); In re Brown, 178 B.R. 722, 728 (Bankr. E.D. Tenn. 1995).[1]

---

[1]Because this case involves a conversion from Chapter 13 to Chapter 7, opinions that address this issue in the context of a conversion from Chapter 11 to Chapter 7 are of limited usefulness.  A majority of courts have held that the Chapter 7 trustee may not object to exemptions in a case converted from Chapter 11.  See In re Smith, 235 F.3d 472, 478 (9th Cir. 2000); In re Bell, 225 F.3d 203, 216 (2nd Cir. 2000); In re Halbert, 146 B.R. 185, 189 (Bankr. W.D. Tex. 1992); In re Brown, 178 B.R. 722, 728 (Bankr. E.D. Tenn. 1995).  Other courts have disagreed with the majority position.  See In re Lang, 276 B.R. 716, 721-22 (Bankr. S.D. Fla. 2002); In re Wolf, 244 B.R. 754, 758-59 (Bankr. E.D. Mich. 2000); In re Leydet, 150 B.R. 641, 644 (Bankr. E.D. Va. 1993); In re Wright, 99 B.R. 339, 341 (Bankr. N.D. Tex. 1989).  Both majority and minority courts agree, however, that a distinction must be drawn between conversions from Chapter 11 and conversions from Chapter 13.  For instance, the Fifth Circuit was quick to distinguish cases involving conversions from other chapters.  In the Matter of Williamson, 804 F.2d 1355, 1359 (5th Cir. 1986) (distinguishing In re Lindberg, 735 F.2d 1087 (8th Cir. 1984)).  The Second Circuit limited its holding in Bell to conversions from Chapter 11. Bell 255 F.3d at 218 & n.20 ("We express no view on the effect of other conversions, particularly those from Chapter 13 to Chapter 7 . . . [B]ecause of the difference in statutory provisions . . . we disagree with those courts that decline to distinguish between conversions from Chapter 11, 12, or 13.").  The Wolf court differentiated a Chapter 13 conversion from a Chapter 11 conversion by noting differences in plan exclusivity ("Chapter 11 debtor has the exclusive right to a file a plan for 120 days after the order for relief. Meanwhile, the § 341

As this issue turns on statutory analysis, the Court must begin its analysis with the statute itself. See United States v. Ron Pair Enterprises, Inc. 489 U.S. 235, 241-42 (1989) (citing Landreth Timber Co. v. Landreth, 471 U.S. 681, 685 (1985)) ("The plain meaning of legislation [is] conclusive except in 'rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters.'"). Under Section 341 of the Bankruptcy Code, when a case is filed, a meeting of creditors must be held. 11 U.S.C. § 341(a). Subsequently, the debtor is required, under Section 522, to provide a list of exemptions. 11 U.S.C. § 522(b). A trustee or creditor may object to these exemptions within 30 days. Fed. R. Bankr. P. 4003(b). Exemptions become effective 30 days after the Section 341 meeting of creditors unless a timely objection is filed. Taylor v. Freeland & Kronz, 503 U.S. 638, 643-44 (1992); Fed. R. Bank. P. 4003(b). However, when a case is converted from Chapter 13 to Chapter 7, a new Section 341 meeting of creditors must be held. 11 U.S.C. §§ 348(a), 341(a).

Some courts read Section 348, Section 341, and Rule 4003(b) in that order. Section 348(a) provides: "Conversion of a case . . . constitutes an order for relief." Section 341(a) provides: "Within a reasonable amount of time after the order for relief . . . the United States Trustee shall convene and preside over a meeting of creditors." Rule 4003(b) provides "A party in interest may file an objection to the list of property claimed as exempt . . . within 30 days after the meeting of creditors held under § 341(a)." A straightforward analysis leads to the conclusion that a new objection period is allowed post-conversion.

---

meeting is required to have been held no later than forty days after the order for relief.") and the participation of the Chapter 13 trustee in the Chapter 13 debtor's case ("Contrasted to the Chapter 13 situation, where the standing trustee is present and is *a,* if not, *the* primary continuous active participant almost from the date of filing, is the individual Chapter 11 case where typically there is no trustee."). Wolf, 244 B.R. at 759.

4

However, other courts read the latter half of Section 348(a), together with Section 522(l) and Taylor, to mean that no new objection period is allowed. These courts point to Rule 1019(2) for additional support. Under Section 348(a), the order for conversion is an "order for relief," but it "does not change the date of . . . the order for relief." This interpretation concludes that the 30-day period for objecting to exemptions can only run from the original order for relief.[2] Thus, if the time has expired for objection, then Section 522(l) controls: "Unless a party in interest objects, the property claimed as exempt . . . is exempt." 11 U.S.C. § 522(l). Taylor holds the 30-day period for objections is absolute. Taylor, 503 U.S. at 643-44. These courts conclude that a finding that the time period "restarts" with the post-conversion meeting of creditors is in direct conflict with Section 522(l) and Taylor. Finally, Rule 1019(2) permits a new time period for filing claims and complaints under Rule 3002, Rule 4004, and Rule 4007, but it does not allow a new time period for objecting to exemptions under Rule 4003. Using the canon of statutory construction *expressio unius est exclusio alterius*,[3] some courts reason that because Rule 1019(2) allows for a restart of certain time periods, this necessarily excludes the restart of time periods not listed. Since Rule 1019(2) does not provide for a new time period to object to exemptions pursuant to Rule 4003, there is no new period to object to exemptions upon conversion. See

---

[2]Contra Campbell, 313 B.R. at 320 ("We recognize, as do the courts adopting the majority view, that § 348(a) expressly states that the date of the order for relief is not altered by the conversion of a case, and that the purpose of that provision 'is to preserve actions already taken in the case before conversion.' But, the deadline in Bankruptcy Rule 4003(b) is not based on the date of the order for relief. It is based on the conclusion of a 'meeting of creditors.' This difference is real, and should not be ignored.") (footnotes omitted); Weissman, 173 B.R. at 236 ("However, the date set for the creditors' meeting, not the date of an order for relief, triggers the time period for filing objections.").

[3]The phrase means "the inclusion of one is to the exclusion of others." Wolf, 244 B.R. at 756 (quoting 73 Am. Jur. 2d Statutes § 212 at 405-06 (1974)) (citations and footnotes omitted).

Rogers, 278 B.R. at 203; Ferretti, 239 B.R. at 891.

    While both positions have merit, this Court finds that, where the conversion is from a Chapter 13 case to a Chapter 7 case, the post-conversion meeting of creditors creates a new period for a party in interest to object to the debtor's exemptions. The Court reaches this conclusion for three reasons. First, the idea that conversion under Section 348(a) constitutes an order for relief is simply "common logic." Hopkins, 317 B.R. at 730.[4] The Court must presume that the "legislature says in a statute what it means and means in a statute what it says there." Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-254 (1992). Section 348, Section 341, Rule 2003, and Rule 4003, read together, establish a second objection period for exemptions. Hopkins, 317 B.R. at 731 (quoting Bell, 225 F. 3rd at 223 (Moran, J., dissenting)); see Campbell, 313 B.R. at 321; Wiggins, 341 B.R. at 503; Kositphasaj, slip op. at 3; Koss, 319 B.R. at 320. Some courts use policy considerations to bolster this conclusion.[5] However, reliance on policy is not necessary when the Code is sufficient. The statutory language is unambiguous,[6] and "the sole function of [this Court] is to enforce it according to its terms." United States v. Ron Pair,

---

[4] See Campbell, 313 B.R. at 319 ("[W]e adopt the minority view, holding that the thirty-day period to object to a debtor's claimed exemption in Bankruptcy Rule 4003(b) recommences upon the conversion of a Chapter 13 case to a Chapter 7 case. Our decision is based on principles of federal jurisdiction, applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, policy considerations, some of which implicate federal jurisdiction, fairness, due process, and common sense.").

[5] See, e.g., Campbell, 313 B.R. at 321-322 (contrasting role of Chapter 13 trustee in confirmation process under § 1325(a) to Chapter 7 trustee's duty to maximize value for creditors under § 704(a)); Kositphasaj, slip op. at 3 (noting the unfairness of imposing an expired deadline on Chapter 7 trustee); Hopkins, 317 B.R. at 733 (finding the review of exemptions to be more important to a Chapter 7 trustee than a Chapter 13 trustee).

[6] Hopkins, 317 B.R. at 729 ("The Court concludes that the plain meaning of the relevant sections of the United States Bankruptcy Code requires that a Chapter 7 trustee possess the right to object to a debtor's exemptions in a converted case.").

489 U.S. 235, 241 (1989).

Second, in a conversion from Chapter 13 to Chapter 7, there is no conflict between a new period for objection and this Court's reading of Taylor, Section 522(l), and Section 522(c). Taylor is clearly distinguishable from the present circumstances as Taylor was not a conversion case, but rather an originally-filed Chapter 7 case in which the trustee filed a late objection. Koss, 319 B.R. at n.3 ("Taylor, however, did not involve a converted bankruptcy case, and is inapposite to the issue now before the Court."). Under Section 348(f)(1)(A), property of the estate in a case converted from Chapter 13 consists of property of the estate "as of the date of filing the petition" if the property remains in the debtor's possession or control. See Wiggins 341 B.R. at 505. Generally, Section 522(l) provides that exempt property is exempt after the objection deadline has passed under Rule 2003. However, in a case converted from Chapter 13, Section 348(f)(1)(A) pulls the exempt property back into the estate at conversion, so long as it is still in the hands of the debtor. Section 522(l) does not apply until after the new 30-day period has run in the converted case.

> Property claimed as exempt is property of the estate on a debtor's petition date. It revests in the debtor when the exemption is allowed, either by court order or because of the lack of a timely objection. Property of the estate also revests in the debtor upon the confirmation of a Chapter 13 plan under § 1327(b). Such revested property, being property that was property of the estate on the date that a debtor files a Chapter 13 petition, is property of the Chapter 7 estate upon conversion under § 348(f) if it is still in the debtor's possession. To allow property revested under § 522(l) to be excluded from the scope of § 348(f) would require that property revested under § 1327(b) to likewise be excluded. This would have the effect of rendering § 348(f) meaningless in Chapter 13 cases converted after the confirmation of a plan. The revesting of property under § 522(l) does not immunize it from being brought into the estate upon conversion of a Chapter 13 case.

Campbell, 313 B.R. at 321 (footnotes omitted); see Wiggins, 341 B.R. at 506 ("We think [the

7

Section 522] argument is met by 11 U.S.C. § 348(f)(1)(A)."); Fonke, 321 B.R. at 206.[7]

Third, *expressio unius* does not apply to Rule 1019(2). *Expressio unius* is a canon of statutory construction used for the limited purpose of arriving at the intentions of lawmakers. Wolf, 244 B.R. at 756. It "may not be used to create ambiguity. . . . It may not be used to override the clear and contrary evidences of legislative intent." Id. Here, there is no ambiguity as to what each individual rule means or intends; rather, the issue is whether there is a difference between the phrase "meeting of creditors" contained in Rule 4003(a) and the phrase "first meeting of creditors" contained in Rule 3002, Rule 3004, Rule 4004, and Rule 4007. Therefore, no conclusions can be drawn from any omission in Rule 1019(2). See Hopkins, 317 B.R. at 732; Mims, 249 B.R. at 382; Havanec, 175 B.R. at 924. In fact, the glaring omission of exemption

---

[7]While the Fonke court agrees that Section 348(f)(1)(A) defeats the Section 522(l) issue, it argues that Section 522(c) is in "direct contradiction" with Section 348(f)(1)(A), and that Section 522(c) controls. Fonke, 321 B.R. at 206-207. The argument is that under Section 522(c), exempt property is not subject to liability for prepetition debts. Id. This directive conflicts with the recapture of exempt property by the estate upon conversion from Chapter 13 to Chapter 7 under Section 348(f)(1)(A). The Supreme Court directed that when interpreting statutes in conflict, the "more specific statute prevails over the more general statute." Id. at 207 (quoting Edmond v. United States, 529 U.S. 651, 658 (1997)). The Fonke count concludes that Section 522(c) is the more specific statute because it determines the liability of exempt property under Section 522, and Section 348(f)(1) deals generally with conversion. Id. While this Court agrees that there appears to be a conflict, it does not agree with Fonke's analysis. The specific statute should control the general one. However, this Court finds that Section 348(f)(1)(A) is the more specific statute because it controls property of the estate in the narrow circumstance of a conversion from Chapter 13 to another chapter, which is precisely the situation in this case. Pursuant to Section 348(f)(1)(A), property of the estate in a case converted from Chapter 13 consists of property that meets two requirements. First, it must have been property of the estate "as of the date of filing of the petition." Second, it must "remain[] in the possession of or [be] under the control of the debtor" at the time of conversion. 11 U.S.C. § 348(f)(1)(A). On the other hand, Section 522(c) is applicable to all exempt property regardless of the chapter of the Bankruptcy Code, regardless of whether a case has been converted, and regardless of whether the debtor still possesses it. Section 522(c) has the more general applicability. While Fonke finds Section 522(c) to be narrow because it controls the liability of exempt property, this Court finds its general applicability to all chapters to be the controlling factor. Therefore, Section 348(f)(1)(A) is more specific and prevails under the Edmond test.

objections in Rule 1019(2) shows that the drafters of the Rules did not intend Rule 4003 to be read with Rule 1019(2); they clearly could have included it.  See Wiggins, 341 B.R. at 504 (quoting Campbell, 313 B.R. at 320).  Furthermore, the omission of the word "first" in Rule 4003(a) demonstrates that any meeting of creditors shall be followed by a period for objection to exemptions.  Id.; Campbell, 313 B.R. at 320 ("There being no express limitation, the most logical reading of Bankruptcy Rule 4003(b) is that the thirty-day objection period runs from the conclusion of the meeting of creditors in the Chapter 13 case, and from the conclusion of the meeting of creditors called in the converted Chapter 7 case.") (footnote omitted).

## CONCLUSION

The Court concludes that, in a case converted from Chapter 13 to Chapter 7, the period for objecting to exemptions under Rule 4003(b) begins to run from the conclusion of the post-conversion Section 341 meeting of creditors.  As the Trustee has filed a motion to extend time to object to exemptions within that 30-day period, the Trustee's motion will be granted.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law.  A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 07-50587 |
| CARVIN TESSIE HINES, ) | |
| ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| _____) | |

PARTIES IN INTEREST

Carvin Hines

Aleta B. Kiser, Esq.

Daniel C. Bruton, Esq.

Robert E. Price, Jr., Esq.

Michael D. West, Bankruptcy Administrator

Bruce Magers, Trustee